Raymond E. BRITT, Plaintiff-Appellant,

v.

The CYRIL BATH COMPANY, Cyril J. Bath, Georgiana Bath, George P. Bickford, John Leonard, Robert A. MacKenzie, Elizabeth Bath MacKenzie, Rudolph Hlad, Defendants-Appellees.

No. 19130.

United States Court of Appeals Sixth Circuit.

Oct. 13, 1969.

Myron N. Krotinger, Cleveland, Ohio, for appellant; Alan Arnold, Lane, Krotinger, Santora, Stone & Purdy, Cleveland, Ohio, on brief.

Thomas V. Koykka, Cleveland, Ohio, for appellees; Walter A. Bates, Arter & Hadden, Cleveland, Ohio, on brief.

Joseph W. Bishop, Jr., New Haven, Conn., on brief as amicus curiae.

Before PECK, McCREE and COMBS, Circuit Judges.

JOHN W. PECK, Circuit Judge.

This appeal brings before us for the first time the issue of the sufficiency of a complaint in a private action seeking injunctive relief against alleged violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j (1964), and Rule 10b-5 of the General Rules and Regulations under the Securities Exchange Act of 1934, 17 C.F.R. § 240.10b-5 (1964).[1] Plaintiff's amended complaint contained two causes of action. The first sought injunctive relief against the defendants' "course of conduct" which allegedly violated Section 10(b) and Rule 10b-5. The second cause of action was admittedly a state law cause of action appended to the federal claim under the pendent jurisdiction doctrine of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

The District Court granted the defendants' motion to dismiss for failure to state a claim upon which relief could be granted, holding that there was not a sufficient allegation of facts to show a violation of Section 10(b) or Rule 10b-5. This appeal is from the judgment of the District Court granting the defendants' motion to dismiss.

Since this appeal is from the judgment of the District Court granting the defendants' motion to dismiss for failure to state a claim upon which relief can be granted, for purposes of this appeal the well-pleaded allegations in the plaintiff's complaint must be taken as true, Walker Process Equipment, Incorporated v. Food Machinery & Chemical Corporation, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965); A. T. Brod &

---

1. Section 10(b) of the Securities Exchange Act of 1934 provides in pertinent part as follows:

    "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—
    *    *    *    *    *
    (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j (1964).

    Rule 10b-5 of the Securities and Exchange Commission, announced December 22, 1948, 13 Fed.Reg. 8,183, and amended August 11, 1951, 16 Fed.Reg. 7,928, reads as follows:

    "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
    (a) To employ any device, scheme, or artifice to defraud,
    (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
    (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."
    17 Code of Fed.Reg. § 240.10b-5.

Company v. Perlow, 375 F.2d 393 (2d Cir. 1967). Plaintiff's significant allegations are that he is the owner of 28,311 shares of the common stock of the defendant Cyril Bath Company, representing approximately 12 percent of that company's outstanding common stock. The defendants include the Cyril Bath Company, an Ohio corporation which manufactures heavy industrial machinery, and the entire board of directors of the company, including Cyril J. Bath, the company's founder and president, his wife and his daughter. Cyril J. Bath and his wife together own a majority of the outstanding shares of the company's common stock.

The alleged violation of Section 10(b) and Rule 10b-5 is that the defendants, all of whom possessed or were in a position to possess inside information as to the company's status and financial details, failed to disclose to the stockholders of the company, and the financial community in general, a secret agreement between the company and its president. Under this agreement one half of the royalties paid by a licensee of a patent which Cyril J. Bath had assigned to the company were made "subject to the claims of Cyril J. Bath." It was further alleged that the failure to disclose this secret agreement between the company and its president enabled the company and the majority stockholders to "manipulate the market price of the stock of the Company and to depress the price of the stock of the Company," and that the "depressed price * * * permitted the Company to acquire at prices favorable to it [approximately 22,500] shares of stock of the Company held by minority stockholders." Finally, the plaintiff alleged that he "personally sold and disposed of shares under market conditions which have been adversely affected, as is hereinabove in this cause of action set forth."

As stated above, the District Court granted the defendants' motion to dismiss, holding that the amended complaint failed to state a claim upon which relief could be granted under Section 10(b) or Rule 10b-5, thereby depriving the Court of jurisdiction over the subject matter.[2]

In granting the motion to dismiss, the District Court made two observations about the sufficiency of the amended complaint. The first was that there was no "causal connection between the fraud alleged and some resultant purchase or sale of a security." 290 F. Supp. at 938. That some causal connection between the acts constituting a violation of the Rule and a purchase or sale of a security is inherent in the nature of the action and required by the "in connection with the purchase or sale of any security" language of both Section 10(b) of the Act and Rule 10b-5 is not disputed, but the degree of causal connection has been the subject of much discussion. *See* A. Bromberg, Securities Laws: Fraud—SEC Rule 10B-5, § 8.7, pp. 213–22.1 (1969). The Second Circuit has had an opportunity to pass upon what constitutes sufficient allegations of causation to satisfy the "in connection with" requirement of Section 10(b) and Rule 10b-5. The Second Circuit has recently held that in an action for injunctive relief against a violation of Section 10(b) and Rule 10b-5, the "in connection with" requirement is satisfied whenever a corporation makes use of any "device * * * of a sort that would cause reasonable investors to rely thereon, and, in connection therewith, so relying, cause them to purchase or sell a corporation's securities." SEC v. Texas Gulf Sulphur Company, 401 F.2d 833, 860 (2d Cir. 1968). Further exposition of the approach taken by the Second Circuit can be found in Heit v. Weitzen, 402 F.2d 909 (2d Cir. 1968), where the Court found a violation of Rule 10b-5 in allegations of nondisclosure in the company's financial statements of the fact that a substantial amount of the company's income for fiscal 1964 was de-

---

**2.** The Memorandum and Order of the District Court is reported at 290 F.Supp. 934 (N.D. Ohio 1968).

rived from overcharges on government contracts. The Court in Heit v. Weitzen, *supra*, held that these allegations together with allegations that the plaintiffs purchased stock in reliance on the incorrect statements stated a claim for a private action for damages under Section 10(b) and Rule 10b-5. In so holding, the Court observed:

"It is reasonable to assume that investors may very well rely on the material contained in false corporate financial statements which have been disseminated in the market place, and in so relying may subsequently purchase securities of the corporation." Heit v. Weitzen, *supra*, at 913.

■■ Thus it is clear that the Court in Heit v. Weitzen, *supra*, found a sufficient causal connection in an allegation of nondisclosure of material facts affecting corporate income together with an allegation of reliance on the misstated facts, a factor clearly necessary for a private action for damages. *See* A. Bromberg, Securities Laws: Fraud —SEC Rule 10B-5, § 8.1, p. 194 (1969); III L. Loss, Securities Regulation, pp. 1764–65 (2nd ed. 1961); VI L. Loss, Securities Regulation, pp. 3875–80 (2nd ed. Supp. 1969). However, it is equally clear that the requirements of causation and reliance are not so strong in a private action to enjoin continuing violations of Section 10(b) and Rule 10b-5. *See* Mutual Shares Corporation v. Genesco, Incorporated, 384 F.2d 540, 546–547 (2d Cir. 1967). In *Genesco* allegations that the defendant insiders manipulated the market price of a corporation's stock, in part by keeping the dividends paid on the stock to a minimum, in order to acquire the stock from minority stockholders at depressed prices were held to state a violation of Rule 10 b-5 since injunctive relief rather than monetary damages was sought. The causal connection there between the conduct complained of and the purchase or sale of any security was slight indeed since the plaintiffs had not sold their stock to the defendants. or to anyone

at all. However, the Court in *Genesco* noted that while the above described allegations would not support a claim for monetary damages because of the lack of causal connection and reliance,

"the claim for injunctive relief largely avoids these issues, may cure harm suffered by continuing shareholders, and would afford complete relief against the Rule 10b-5 violation for the future. 'It is not necessary in a suit for equitable or prophylactic relief to establish all the elements required in a suit for monetary damages.' See SEC v. Capital Gains Research Bureau, Inc., 375 U.S. at 193, 84 S. Ct. at 283." Mutual Shares Corporation v. Genesco, Incorporated, *supra*, at 547.

We choose to follow the relaxed causation-reliance approach of the Second Circuit, particularly in this case involving a claim for injunctive relief against an alleged violation consisting primarily of nondisclosure of facts material to the price of the company's stock, and we hold that the amended complaint alleges sufficient facts to satisfy the "in connection with" requirement of the Act and the Rule.

■ We turn now briefly to the District Court's alternative ground for the dismissal of the complaint. In addition to stating that there was no causal connection between the nondisclosure and any purchase or sale of the corporation's securities, the District Court went on to state:

"In the case at bar plaintiff has failed to equate defendants' failure to disclose the company's agreements with Cyril Bath with any acts essentially extraordinary in nature which are reasonably certain to have a substantial effect on the market price of the stock of the Cyril Bath Company if disclosed." 290 F.Supp. at 939.

While the above language is perhaps capable of more than one construction,

we read it as stating that the nondisclosure of the agreement between the company and its president was immaterial to the market price of the stock. Again we must disagree with the approach of the District Court. In the interest of accuracy we emphasize that a nondisclosure is neither material nor immaterial; it is the fact itself which is known to the corporate insider but not disclosed when there is a duty to do so, which is either material or immaterial to the market price of the stock. The difference between the two approaches is not a mere question of semantics because the proper focus of inquiry should be on the materiality of the undisclosed facts themselves. The materiality of the undisclosed facts is the prime issue in determining whether a nondisclosure is a violation of Rule 10b-5. *See* A. Bromberg, Securities Laws: Fraud—SEC Rule 10B-5, § 7.4(1)–7.4(2), pp. 165–68.1 (1969). Furthermore, the materiality of the nondisclosed facts raises an issue of fact to be determined in each case from all the circumstances. *See* Mader v. Armel, 402 F.2d 158, 162–63 (6th Cir. 1968), cert. denied, 394 U.S. 930, 89 S.Ct. 1188, 22 L.Ed.2d 459 (1969); SEC v. Texas Gulf Sulphur Company, 401 F.2d 833, 848–850 (2d Cir. 1968); List v. Fashion Park, Incorporated, 340 F.2d 457, 462 (2d Cir. 1965); Kohler v. Kohler Company, 319 F.2d 634, 642, 7 A.L.R.3d 486 (7th Cir. 1963). It may well be that in light of all the circumstances the nondisclosed facts may be found to be immaterial, but such a basic finding of fact is not possible on the record as it now stands.

Accordingly, we must hold that the plaintiff has stated a claim which if supported by proof would entitle him to injunctive relief under Section 10(b) of the Act and Rule 10b-5. The judgment of the District Court is reversed and the cause is remanded for further proceedings consistent with the foregoing.

Reversed and remanded.