Melville N. **ROTHSCHILD**, Jr., et al., Plaintiffs,

v.

**TELEDYNE, INC.**, et al., Defendants. No. 69 C 2276.

United States District Court, N. D. Illinois, E. D. May 17, 1971.

Lee A. Freeman, Jerrold E. Salzman, Lee A. Freeman, Jr. and Glenn A. Schwartz, Chicago, Ill., for plaintiffs.

Thomas A. Reynolds, Jr., Bruce L. Bower, and Richard L. Williams III, of Winston, Strawn, Smith & Patterson, Chicago, Ill., for defendants Teledyne, Inc., Teledyne United Corp., Unicoa Corp., United Ins. Co. of America and H. E. Singleton.

Albert E. Jenner, Jr., Charles J. O'Laughlin and Keith F. Bode, Chicago, Ill., for defendants O. T. Hogan, Almore H. Teschke, and Joseph E. Walle.

## MEMORANDUM AND ORDER ON TEDEDYNE DEFENDANTS' MOTION TO DISMISS

ROBSON, Chief Judge.

The defendants Teledyne, Inc., Teledyne United Corporation, Unicoa Corporation, United Insurance Company (United), and Henry E. Singleton move to dismiss this class action as to them.[1] For the reasons stated below, this court is of the opinion that the motion should be granted.

The class-plaintiffs are minority shareholders of United Fire Insurance Company (United Fire).[2] The amended complaint alleges that all the defendants have engaged in a manipulative scheme since June, 1967, which operated as a fraud upon the class-plaintiffs in connection with their purchase of United Fire stock between June, 1967, and June, 1969. However, the named plaintiffs actually purchased their shares of United Fire stock after their financial analyst, Robert H. Becker, met with the defendant Joseph E. Walle in May, 1969. Walle has been a director and president of United Fire from 1965 to date. During the relevant period, Walle is not alleged to have acted as a control person, insider or agent for the Teledyne defendants or their interests.[3] The amended complaint alleges that during the negotiations between Walle and Becker preceding the named plaintiffs' purchase of United Fire stock, Walle failed to disclose certain material facts which would have affected the plaintiffs' investment judgment. Specifically, it is alleged that Walle failed to reveal a secret oral agreement between insiders of United Fire and Teledyne purportedly made over a year earlier.[4] This agreement was allegedly made in September, 1967, between Teledyne and the defendants O. T. Hogan and Almore H. Teschke, who at that time were control persons of both United and United Fire. In exchange for Hogan and Teschke's "support" of Teledyne's second tender offer to United, Teledyne allegedly agreed to purchase their United Fire stock at $28 a share.[5] After acquiring control over United, Teledyne breached or repudiated the alleged secret agreement by refusing to purchase the United Fire holdings of the insiders of that corporation.

The amended complaint also alleges that Walle fraudulently represented to

---

1. The movants will hereinafter be designated as "the Teledyne defendants." The remaining defendants, O. T. Hogan, Almore H. Teschke and Joseph E. Walle, do not join in the motion to dismiss.

2. The court has not defined the class or determined whether the named plaintiffs are proper representatives of the class to be defined.

3. Walle was a director of United from 1957 through 1965; Teledyne acquired control of United in May, 1968.

4. This alleged oral agreement has provided the basis for two related cases before this court. Hogan et al. v. Teledyne, Inc. et al., 328 F.Supp. 1043 (N.D.Ill.1971); Boggess et al. v. Hogan et al., 328 F.Supp. 1048 (N.D.Ill.1971).

5. It is uncontroverted that the named plaintiffs paid $24 per share for their United Fire stock in May, 1969.

the plaintiffs (through Becker) that "the relationship between United Insurance and United Fire was a friendly one, that the recently executed agency agreement between United Fire and United Insurance was a firm contract, and that United Insurance would likely renew the agency contract at the expiration of its ten-year term." Amended Complaint, pp. 11–12. Walle allegedly failed to advise Becker of serious disputes between United Fire and Teledyne (as the controlling owner of United), including the threatened termination of the ten-year agency contract. Only a month later, on June 11, 1969, United filed suit against United Fire and its officers, seeking to rescind the ten-year agency contract and for other relief arising from alleged fiduciary breaches by the individual defendants while they enjoyed a control position over both United and United Fire.[6] See the complaint filed in United Insurance Company of America v. United Fire Insurance Company et al., 69 CH 2058 (Circuit Court of Cook County, Illinois), attached to the movants' brief as Appendix "A."

Significantly, the amended complaint does not allege that the Teledyne defendants have had any dealings with the named plaintiffs in connection with their purchase of United Fire stock, or that the Teledyne defendants have occupied any position of control or trust with respect to either United Fire or the plaintiffs. Furthermore, it is not alleged that the Teledyne defendants ever traded in United Fire stock or advised others so to do. The named plaintiffs contend, however, that the Teledyne defendants violated Section 10(b) of the Securities Exchange Act of 1934, 15 U. S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, by failing to disclose to the public at large the information that:

(1) they had earlier made and repudiated the alleged secret, oral agreement with United Fire insiders to purchase their stock at $28 per share in a collateral transaction; and

(2) they considered the ten-year agency contract between United and United Fire a nullity and intended to take legal action to rescind the contract.[7]

Viewing these allegations of the amended complaint as true for purposes of the motion to dismiss, this court does not agree that a claim under Section 10(b) and Rule 10b–5 is stated against the Teledyne defendants.

### RULE 10b–5 AND THE DUTY TO DISCLOSE MATERIAL INFORMATION

■ It is elementary that before any liability may arise for nondisclosure under the Securities Exchange Act of 1934, some relationship must exist between the plaintiff and defendant which imposes a duty upon the defendant to disclose material information to the plaintiff in connection with his purchase or sale of a security. The mere possession and nondisclosure of material facts do not confer liability under this legislation. From the face of the amended complaint, it is apparent that no relationship whatsoever existed between the Teledyne defendants and the named plaintiffs in connection with the latters' purchase of United Fire stock. The Teledyne defendants were not corporate officers, directors, or even shareholders, majority or otherwise, of United Fire,

---

6. The named plaintiffs attribute the decline in value of their United Fire holdings directly and solely to the filing of the state court litigation. They here seek damages in the amount of the decline in value of their holdings, as well as injunctive relief against the state court litigation and specific enforcement of the alleged secret agreement between Teledyne and United Fire insiders for the named plaintiffs' benefit!

7. The plaintiffs also contend that the resulting state court litigation is without merit and was filed in order to depreciate the value of United Fire stock. Under the circumstances presented here, this court will not collaterally review the "merits" of the state suit. See Hogan et al. v. Teledyne Inc. et al., 328 F.Supp. 1043 (N.D.Ill.1971).

unlike the defendants in the cases relied upon by these plaintiffs. *See, e. g.,* Crane Co. v. Westinghouse Air Brake Co., 419 F.2d 787, 796 (2nd Cir. 1969); Britt v. Cyril Bath Co., 417 F.2d 433 (6th Cir. 1969); Cochran v. Channing Corporation, 211 F.Supp. 239 (S.D.N.Y. 1962). *See also* Kohler v. Kohler Co., 319 F.2d 634, 638, 642 (7th Cir. 1963); Baumel v. Rosen, 283 F.Supp. 128, 139 (D.Md.1968), aff'd in part, rev'd in part on other grounds, 412 F.2d 571 (4th Cir. 1969), cert. den. 396 U.S. 1037, 90 S.Ct. 681, 24 L.Ed.2d 681 (1970); Schoenbaum v. Firstbrook, 268 F.Supp. 385, 395 (S.D.N.Y.1967). The Teledyne defendants did not trade in United Fire stock or advise others to do so, as did some of the defendants in the securities fraud litigation involving Texas Gulf Sulphur also relied upon by the named plaintiffs. Securities and Exchange Commission v. Texas Gulf Sulphur Co., 401 F.2d 833 (2nd Cir. 1968), cert. den. 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756 (1969), on remand 312 F.Supp. 77 (S.D.N.Y.1970). *See also* Astor v. Texas Gulf Sulphur Co., 306 F.Supp. 1333, 1340 (S.D.N.Y.1969). In Securities and Exchange Commission v. Texas Gulf Sulphur Co., *supra,* 401 F.2d at 848, the court held that a duty to disclose arose only if the possessor of inside information trades in the securities involved or recommends that others enter the market. Finally, the Teledyne defendants were not engaged in any confidential relationship with either United Fire or the named plaintiffs which would confer a fiduciary duty upon them. *Cf.,* Ross v. Licht, 263 F.Supp. 395, 408–409 (S.D.N.Y.1967).

The amended complaint states only in conclusory terms that a "close" relationship existed between United and United Fire during the relevant period. Amended Complaint, ¶ 27. The basis for this "closeness" is not apparent from the face of the amended complaint, since with the acquisition of control by Teledyne over United, the two corporations ceased to have common controlling shareholders, officers and directors. The fact that Teledyne, not United Fire insiders, controlled United was obvious to the investing public when Teledyne acquired control of United in May, 1968, long before these plaintiffs purchased their United Fire stock. Certainly the acquisition of control over United by Teledyne did not impose any duty upon Teledyne to announce to the public at large that United's policies were no longer to be guided and controlled by the best interests of United Fire and its insiders.

Nor can there be any basis in law for imposing upon the Teledyne defendants a continuing, indefinite obligation to disclose to the general public that they once made and reneged upon an alleged illegal, oral promise to purchase the personal holdings of United Fire insiders at a premium price in connection with a collateral transaction. Particularly untenable is the plaintiffs' conclusion that the Teledyne defendants owed a duty to the investing public to announce their intended legal action with respect to the ten-year agency contract between United and United Fire. Such inside information, which might affect investment judgment, must be disclosed only if the Teledyne defendants traded or advised others to trade in United Fire stock, thereby taking advantage of unsuspecting investors. Securities and Exchange Commission v. Texas Gulf Sulphur Co., *supra.* That is manifestly not the case presented by the amended complaint. In short, the Teledyne defendants were never in a position to deceive these plaintiffs in connection with their purchase of United Fire stock. It necessarily follows that the Teledyne defendants cannot be held accountable under the federal securities laws for the alleged decline in value of the plaintiffs' United Fire holdings, any misconduct or misrepresentations of United Fire insiders, or the plaintiffs' own unwise investment judgment.

It is therefore ordered that the motion of the Teledyne defendants to dismiss this action as to them be, and it is hereby granted.