**O. T. HOGAN and Almore H. Teschke, on behalf of themselves and all other shareholders of United Fire Insurance Company, Plaintiffs,**

v.

**TELEDYNE, INC., a Delaware corporation, and Henry E. Singleton, Defendants.**

**No. 69 C 1941.**

United States District Court, N. D. Illinois, E. D.

May 17, 1971.

See also, D.C., 328 F.Supp. 1048.

Albert E. Jenner, Jr., Charles J. O'Laughlin and Keith F. Bode, Jenner & Block, Chicago, Ill., for plaintiffs.

Lee A. Freeman, Jerrold E. Salzman, Lee A. Freeman, Jr., and Glenn A. Schwartz, Chicago, Ill., for intervening-plaintiff.

Thomas A. Reynolds, Jr., Bruce L. Bower, and Richard L. Williams III, of Winston, Strawn, Smith & Patterson, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

ROBSON, Chief Judge.

The defendants move to dismiss the second amended complaint filed in this action for failure to state a claim under the federal securities laws or any other basis for federal jurisdiction. For the reasons set forth below, this court is of the opinion the motion should be granted.

The plaintiffs O. T. Hogan and Almore H. Teschke purportedly bring this class action on behalf of the shareholders of United Fire Insurance Company

(United Fire).[1] Count I charges the defendants Teledyne, Inc. (Teledyne) and Henry E. Singleton with violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b–5 promulgated thereunder. Count II complains of the defendants' alleged breach of contract under Illinois law arising from substantially the same conduct and transactions set forth in Count I. Plaintiffs Hogan and Teschke are substantial shareholders of United Fire, and were such at all times relevant to this action. Hogan and Teschke were also major shareholders of United Insurance Company of America (United) in June, 1967, when Teledyne instituted negotiations to acquire control of United. Hogan was chairman of the board of directors, and Teschke was general counsel, vice-president, and a director of United. The defendant Singleton was and is chairman of the board and chief executive officer of Teledyne.

Count I alleges that in the summer of 1967, the defendants devised a scheme to defraud which consisted of promises to Hogan and Teschke that Teledyne would purchase their United Fire stock at a price of $28 per share in exchange for Hogan and Teschke's "support" of Teledyne's tender offer to the shareholders of United. Teledyne allegedly agreed to purchase the stock of all willing United Fire Shareholders at the stated price within a reasonable time after Teledyne acquired control over United. *This alleged agreement was never reduced to writing, nor were the shareholders of either United Fire or United, other than select insiders, informed of its existence.*[2] Relying on this secret promise, Hogan and Teschke claim that they did indeed "support" Teledyne's second tender offer.[3] In June, 1968, Teledyne acquired 52 per cent of United's outstanding stock as a consequence of that offer.[4] After thus acquiring control of United, Teledyne refused and repudiated the demands of Hogan and Teschke to purchase their United Fire stock. By refusing to perform this oral promise, Hogan and Teschke assert that Teledyne fraudulently induced them to support a tender offer which impliedly they would not otherwise have done.

Hogan and Teschke further complain that since acquiring control of United, Teledyne has attempted to acquire the business and assets of United Fire without fair compensation by means of a scheme to depress the market value of United Fire's stock. The "scheme" allegedly centers around a currently pending lawsuit filed by United against United Fire, Teschke, Hogan, and others, in the Circuit Court of Cook County, Illinois. The pursuit of the state litigation is allegedly the device employed

1. Certain minority shareholders of United Fire have filed a class action against these plaintiffs and defendants. Rothschild et al. v. Teledyne, Inc. et al., 328 F. Supp. 1054 (N.D.Ill.1971). The plaintiffs in the *Rothschild* case claim, *inter alia*, that the "Teledyne defendants" conspired with Hogan and Teschke to effectuate a deceptive and manipulative scheme violative of Section 10(b) and Rule 10b–5. The *Rothschild* plaintiffs have intervened in this action and dispute the capacity of Hogan and Teschke to fairly and adequately represent the shareholders of United Fire.

2. Although the facts that the alleged promise was never reduced to writing and that the other shareholders of United Fire were not apprised of it are not disclosed in the second amended complaint, such facts are admitted by the plaintiffs. (See Teschke deposition, pp. 464–5, 1048–9; Walle deposition, pp. 861–4). As these facts are material and undisputed, and the court has considered them in reaching its conclusions, this motion will be treated as one for summary judgment. Rule 56(e), Federal Rules of Civil Procedure.

3. The precise nature of the "support" given by Hogan and Teschke is not pleaded; however, they allege that they did sell an undisclosed number of their United shares in response to Teledyne's second tender offer.

4. Teledyne had previously acquired a 21 per cent interest in United by reason of its first tender offer in September, 1967, which was opposed by United's board of directors as contrary to that corporation's best interests.

by Teledyne to pressure United Fire shareholders into selling their stock without fair compensation.

The alternative forms of relief sought by the second amended complaint are essentially remedies for breach of contract. In Count I, the plaintiffs ask this court to either: (1) order specific performance of Teledyne's alleged oral promise to purchase all shares of United Fire at $28 a share;[5] or (2) award damages in the amount of the difference between $28 per share and the market listing of United Fire at the time of judgment; *and* (3) enjoin the defendants from pursuing their efforts to acquire the business of United Fire without paying fair value by means of intimidation and litigation. Count II, predicated upon a theory of breach of contract under state law, seeks either specific performance or damages for breach of the identical oral agreement by Teledyne alleged in Count I.[6]

## THE "PROMISE" AND RULE 10b-5

■ In substance, Hogan and Teschke assert in Count I that they are entitled to redress under Section 10(b) and Rule 10b-5 for Teledyne's broken promise to reward them as "cooperative" insiders of United who, in exchange for the promise to purchase their stock in a third corporation at a premium price, acted in a manner totally inconsistent with their fiduciary duties to United and its shareholders. Viewing the allegations of the second amended complaint as true for purposes of this motion, Hogan and Teschke not only breached their fiduciary duties to United by secretly selling their "support" to an outsider attempting to acquire control over United, but they also violated Rule 10b-5 by failing to disclose their true relationship with the tender offeror and their substantial personal interest in furthering the success of the second tender offer. Swanson v. American Consumer Industries, Inc., 415 F.2d 1326 (7th Cir. 1969); Moore v. Greatamerica Corp., 274 F. Supp. 490 (N.D.Ohio 1967). Thus by its secretive, deceptive, manipulative, and material nature, the alleged promise was itself a device to defraud United and its shareholders in connection with Teledyne's second tender offer. The alleged secret agreement is therefore void and unenforceable under Section 29(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78cc(b), which provides in part as follows:

> *"Every contract made in violation of any provision of this chapter or of any rule or regulation thereunder * * * the performance of which involves the violation of, or the continuance of any relationship or practice in violation of, any provision of this chapter or any rule or regulation thereunder, shall be void (1) as regards the rights of any person who, in violation of any such provision, rule, or regulation, shall have made or engaged in the performance of any such contract * * *"* 15 U.S.C. § 78cc(b) (Emphasis added).

Whether the plaintiffs describe their alleged secret arrangement with the defendants as a fraudulent promise (Count I) or as a contract (Count II), Hogan and Teschke are statutorily barred from profiting from their own violation of the federal securities antifraud provisions by seeking to enforce the alleged "bargain." To utilize Section 10(b) and Rule 10b-5 in the manner suggested by Hogan and Teschke would in reality protect those perpetrating a fraud upon the investing public.[7]

---

5. At $28 per share, Teledyne's liability for all outstanding United Fire shares would approximate $17,000,000.

6. Such an oral agreement is clearly unenforceable under Illinois law. Ill.Rev. Stat.1969, ch. 26, § 8-319.

7. Unlike the situation in Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct.

616, 24 L.Ed.2d 593 (1970), relied upon by these plaintiffs, in the case at bar a *culpable party* seeks to *enforce* an alleged contract directly violative of the antifraud provisions of the Securities Exchange Act of 1934. Enforcement of an agreement such as the one alleged here would encourage rather than deter schemes injurious to the investing public.

Moreover, the alleged secret agreement between the parties is unenforceable by Hogan and Teschke as a matter of public policy. By their own allegations and admissions, Hogan and Teschke agreed to deceive United and its shareholders by secretly accepting a premium in exchange for support of Teledyne's acquisition of control over United. As a knowing, culpable party to an illegal agreement, Hogan and Teschke acted *in pari delicto* with Teledyne.[8] The transaction alleged is a fraud upon the investing public and contrary to public policy as codified in the Securities Exchange Act of 1934. The court therefore must leave the parties as it finds them and not lend its aid to either. Crylon Steel Co. v. Globus, 185 F.Supp. 757 (S.D.N.Y.1960); Premier Electric Construction Co. v. Miller-Davis Co., 291 F.Supp. 295 (N.D. Ill.1968), aff'd 422 F.2d 1132 (7th Cir. 1970); Kaiser-Frazer Corp. v. Otis & Co., 195 F.2d 838 (2nd Cir. 1952).[9]

Because of the dispositive nature of the considerations discussed above, this court need not reach the numerous contentions raised by the defendants with respect to the validity or enforceability of the agreement in issue.

## THE STATE COURT LITIGATION AND RULE 10b–5

In conclusory terms, the second amended complaint asserts that a lawsuit which the defendants caused to be filed in the Circuit Court of Cook County, Illinois, is part of a scheme to defraud shareholders of United Fire and therefore violates Section 10(b) and Rule 10b–5. The three-count complaint in the state court litigation, filed by United on June 11, 1969, charges that Hogan and Teschke, together with other former directors of United, breached their fiduciary duties to United by using their dual positions of control in both corporations to siphon and divert business and profits from United to United Fire. See United Insurance Company of America v. United Fire Insurance Company, et al., No. 69 CH 2058 (Circuit Court of Cook County, Illinois) attached to the defendants' brief as Appendix "A." The relief there sought includes rescission of a ten-year agency agreement between United and United Fire which allegedly was executed by Teschke without the authorization of United's board of directors and which allegedly operates as a fraud upon United. Hogan and Teschke here assert that the state court litigation is without merit and was filed with the intention of depressing the market value of United Fire stock This court is asked to enjoin the state court litigation and award damages to the shareholders of United Fire to compensate them for the decline in value of their stock since the state court litigation was commenced.

The foregoing allegations are wholly insufficient to state a claim under the antifraud provisions of the Securities Exchange Act of 1934. Issues of bad faith and lack of merit with respect to the prosecution of the state court litigation should properly be litigated in the Circuit Court of Cook County, Illinois, .and cannot be the subject of collateral attack in this forum under the guise of an action brought pursuant to Section 10(b) and Rule 10b–5 of the Securities Exchange Act of 1934. These plaintiffs have neither purchased nor sold United

8. The fact that the defendants have not raised an affirmative defense based upon the theory of *in pari delicto* or the doctrine of "unclean hands" does not affect this court's duty to consider the public policy interests involved in an action to enforce an illegal agreement. *See, e. g.* Beasley v. Texas & Pacific Railway Co., 191 U.S. 492, 498, 24 S.Ct. 164, 48 L.Ed. 274 (1903); Ful-Vue Sales Co. v. American Optical Co., 118 F.Supp. 517 (S.D.N.Y.1953).

9. For a recent example of the application of *in pari delicto* as a defense to a 10b–5 action, *see* Kuehnert v. Texstar Corp., 412 F.2d 700 (5th Cir. 1969); Comment, In Pari Delicto and Unclean Hands as Defenses to Private Suit Under SEC Rule 10b–5, 30 Md.L.Rev. 75 (1970); Comment, Plaintiff's Conduct as a Bar to Recovery Under the Securities Acts: In Pari Delicto, 48 Texas L.Rev. 181 (1969).

Fire Stock in connection with the filing of the state court litigation. The bald assertion that United Fire shareholders might be economically "forced" to sell their United Fire stock should they lose in the state forum hardly places them in a position comparable to that of the "forced sellers" of Vine v. Beneficial Finance Co., 374 F.2d 627 (2nd Cir. 1967) or Dasho v. Susquehanna Corporation, 380 F.2d 262 (7th Cir. 1967). Certainly these plaintiffs can protect themselves by way of affirmative defense, counterclaim, or otherwise, against Teledyne's alleged abuse of process in the state court litigation. In any event, this court will not and cannot intrude itself into state court litigation on the speculative and conclusory allegations set forth in the second amended complaint. *Cf.*, 28 U.S.C. § 2283. The Securities Exchange Act of 1934 was never intended to license wholesale scrutiny by the federal courts of state court litigation which might affect the value of a corporate security.

It is therefore ordered that summary judgment be, and it is hereby entered for the defendants.

It is further ordered that the cause be, and it is hereby dismissed.