No. 22589.

PATTIE LEA, INC., SANDRA-TERRI, INC., STEPHEN DEVELOPMENT COMPANY, SHERMAN DEVELOPMENT COMPANY, AMERICANA CORPORATION, UNIVERSAL CONSTRUCTION COMPANY, SCOTT DEVELOPMENT COMPANY, S. I. SIEGAL, INDIVIDUALLY AND DOING BUSINESS AS UNIVERSAL INVESTMENT COMPANY, DAVID SIEGAL, AND BENJAMIN S. KRIEGER *v.* DISTRICT COURT OF THE CITY AND COUNTY OF DENVER, STATE OF COLORADO, HONORABLE RICHARD L. OTT, A JUDGE THEREOF, AND PETE DENNING, A STOCKHOLDER OF PATTIE LEA, INC., SANDRA-TERRI, INC. AND STEPHEN DEVELOPMENT COMPANY ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED.

(423 P.2d 27)

Decided January 30, 1967.

Mattson and Mattson, for petitioners.

THOMAS K. HUDSON, ALICE LOVELAND, for respondent PETE DENNING.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS case comes before us on petition for a writ of prohibition. The parties will be referred to by name or as petitioners and respondents.

The individual respondent, Pete Denning, commenced an action for an accounting in the District Court of the City and County of Denver, against the corporate petitioners and certain of the individual petitioners. The action by Denning was brought in his capacity as a minority stockholder of the various corporations and was brought on behalf of himself and all other stockholders similarly situated.

As a part of the preparation for trial of the action, Denning sought to take the deposition of one Benjamin S. Krieger, a certified public accountant employed by the petitioners. Krieger appeared, and then refused to answer all but initial perfunctory questions on the ground that the information sought was privileged under C.R.S. 1963, 154-1-7(7). Respondent Denning then filed a motion to require Krieger to answer questions upon deposition, and this motion was granted. Petitioners then sought the issuance of a Rule to Show Cause in this Court and requested a writ of prohibition to prevent the taking of the witness Krieger's deposition in violation of the claimed accountant-client privilege.

It appears from the record and briefs filed in this Court that Benjamin S. Krieger is a duly certified public accountant, licensed in the State of Colorado, and doing business as a certified public accountant in this state. Krieger is also a director of several (but not all) of the corporations involved. He is a director

in name only and has never attended directors' meetings, participated in management, or received any compensation as a director. He also owns four shares of stock in one of the corporations (out of 10,000 shares outstanding), but owns no stock in any of the other corporations. The duties which he performed included making quarterly audits and preparing financial statements, annual reports, and income tax returns. These various reports were prepared for the internal use of the corporate management and were not certified reports.

On this state of the record, the trial court made the following finding:

"The Court does find that he was the Director in the various organizations, that he performed auditing functions for these corporations, that he did not do Certified Public Accountant work for them and, therefore, there is no privilege.

"He will be compelled to answer the questions."

The question thus presented for our determination is: ▮ Did the trial court correctly interpret C.R.S. 1963, 154-1-7(7) in holding that the privilege created by that statute extends only to *certified* work? We hold that it did not.

C.R.S. 1963, 154-1-7 reads in part as follows:

"(1) There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person shall not be examined as a witness in the following cases:

\* \* \* \*

"(7) A certified public accountant shall not be examined without the consent of his client as to any communication made by the client, to him in person or through the media of books of account and financial records, or his advice, reports or working papers given or made thereon in the course of professional employment, \* \* \*"

We have not been called upon to interpret this statute

before today, and in fact this is apparently the first time this problem has arisen in any of the jurisdictions having a comparable statutory privilege for the accountant-client relation. Fourteen states and Puerto Rico now have statutes more or less similar to C.R.S. 1963, 154-1-7(7) creating a privilege for the accountant-client relationship. VIII Wigmore, *Evidence*, § 2286 McNaughton Rev. 1961). Counsel have referred us to no cases concerned with similar problems construing any of these statutes, and our research discloses none. None of the cases cited to us as construing these statutes are in any way related to the problem now before us. See, *Annot.*, 38 A.L.R.2d 670 (1954).

■■ Respondent asks us to hold that a Certified Public Accountant in Colorado is privileged to refuse to disclose only those communications which result in *certified* written work. To hold that way would be to disregard both the express wording of the statute and the *obvious* intent of the legislature. Subsection seven of the statute says that "A certified public accountant shall not be examined without the consent of his client as to *any communication* made by the client, . . . or his advice, reports or working papers given or made thereon . . ." (Emphasis added.) Nowhere does the statute distinguish between communications made for the purpose of preparing *certified* reports and those made for the purpose of preparing non-certified reports. And the inclusion of "advice, reports or working papers" within the statutory privilege indicates that the legislature did not intend any such artificial distinction. Further, subsection one of that statute indicates that the legislature's purpose was to preserve the confidential relations set out in the statute. This purpose would not be served by holding that only *certified* work remains privileged. Accordingly, we hold that any confidential communications made by a client to a licensed certified public accountant in the course of his professional employment fall within the statutory privilege whether

or not they are made for the purpose of preparing *certified* reports.

 Respondents also claim that the statutory privilege is lost in this case because Krieger was also a director of several of the corporations. Insofar as he may be in possession of any information which he received as a director, he is subject to the same evidentiary rules as any other corporate director. But since no questions have yet been asked of this witness calling for any such information we cannot here determine whether he is in possession of non-privileged information or not. And we presume that, if faced with the problem, the trial court will correctly distinguish the privileged from the non-privileged information. The witness is subject to questioning as to non-privileged information to the same extent as any other witness.

 It appears, however, that the respondent, Denning, is a stockholder in three of the corporations who are defendants in the original suit in the trial court. The certified public accountant-client privilege does not protect a corporation from being required to disclose to its own stockholders in a derivative suit brought in good faith against the corporation, communications made by the corporation to its certified public accountant. A corporate entity acts only for its stockholders and no greater liberality will be applied to facts which determine privilege in the case of a corporation than would be applied in the case of a natural person or association of persons. See, *Chadbourne v. Superior Court*, 60 Cal.2d 723, 388 P.2d 700; *Annot.*, 98 A.L.R.2d 241 (1964).

 Where several persons have employed the same attorney (certified public accountant) to act for them their communications to him are not privileged *inter sese*. See, 3 Jones, *Evidence*, § 834, p. 1567; VIII Wigmore, *Evidence*, § 2312, (McNaughton Rev. 1961), pp. 603, 604.

 Certified public accountants hired by a corporation are hired for the benefit of all of its stockholders

and such employment forbids concealment from the stockholders of information given the accountant by the corporation.

We are not unaware of *Weck v. District Court*, 158 Colo. 521, 408 P.2d 987. However, the facts which led to the majority opinion in that case differ substantially from those in the case at bar.

The rule issued by this Court is made absolute and the order of the trial court requiring the witness to answer *all* questions asked on deposition is vacated insofar as it requires the witness to divulge information communicated to him as a certified public accountant for corporations in which the respondent Denning is not a stockholder.