**A. L. GARNER et al., Plaintiffs,**

v.

**Rick WOLFINBARGER et al.,
Defendants.**

**Civ. A. No. 67–564.**

United States District Court
N. D. Alabama, S. D.

Feb. 21, 1968.

J. Vernon Patrick, Jr., Berkowitz, Lefkovits, Vann, Patrick & Smith, Marvin Cherner, Birmingham, Ala., for plaintiffs.

Frank B. Embry, Embry & Robinson, Pell City, Ala., for defendant, Ray Wyatt.

J. Jeptha Hill, William H. Hardie, Jr., Johnstone, Adams, May, Howard & Hill, Mobile, Ala., for defendant, Leon V. McVay, Jr.

Ronald P. Slepian, McDermott, Slepian, & Feibelman, Mobile, Ala., for defendants, Dr. George Mitchell, Daniel P. Matthews, Charles A. Scheuerman and Bruce W. Skinner.

Bert S. Nettles, Johnston, Johnston & Nettles, Mobile, Ala., for defendant, William R. Marshall.

Wm. D. Page, Camp, Page, Williams, Utsey & Spurrier, Huntsville, Ala., for defendant, John E. Jennings.

Robert S. Vance, Jenkins, Cole, Callaway & Vance, Birmingham, Ala., for defendant, First American Life Ins. Co.

Charles H. Erwin, Mobile, Ala., for defendants, Hiram D. Snowden, B. J. Withrow, Rick Wolfinbarger, Merritt Marine, Oscar B. Liddell, Ollie Howell.

Erle Pettus, Jr., Rives, Peterson, Pettus & Conway, Birmingham, Ala., for defendants, W. Stacy Branum, J. Fred Doyle.

L. Lister Hill, Champ Lyons, Jr., Capell, Howard, Knabe & Cobbs, Montgomery, Ala., for defendants, Guy H. Aderholt and others.

W. Guy Hardwick, Hardwick, Hause & Segrest, Dothan, Ala., for defendant, Dr. Paul Flowers.

Erle Pettus, Jr., Rives, Peterson, Pettus & Conway, Birmingham, Ala., for defendant, J. Fred Doyle.

Joe T. Booth, III, Duke & Booth, Montgomery, Ala., for defendant, Richmond M. Flowers.

R. Clifford Fulford, Levine, Fulford, Gwaltney & Pope, Birmingham, Ala., for defendant, Billie Sue Hulsey.

Kilborn, Darby & Kilborn, Mobile, Ala., for defendants, Life Shares, Inc. and Matthew S. Metcalfe.

Gary P. Smith, Johnston & Shores, Birmingham, Ala., for defendant, George D. Stanley.

Karl B. Friedman, Sirote, Permutt, Friend & Friedman, Birmingham, Ala., for defendant, Oscar Hyde.

L. Murray Alley, and Leigh M. Clark, of Cabaniss, Johnston, Gardner & Clark,

Birmingham, Ala., for defendant, Garvice D. Kincaid.

### ORDER OF AMENDMENT

GROOMS, District Judge.

For good cause shown, the Court's order of February 20, 1968, on plaintiffs' motion to require First American Life Insurance Company to comply with this Court's order dated November 8, 1967, and upon plaintiffs' motion to require R. R. Schweitzer to answer oral interrogatories propounded on deposition, be and the same hereby is amended as indicated herein.

This matter came on for hearing on February 19, 1968, upon plaintiffs' motion to require First American Life Insurance Company, a corporation, and its president R. Richard Schweitzer, to comply with this Court's order of November 8, 1967, respecting the production of certain documents, and also upon plaintiffs' motion filed herein on February 19, 1968, to require said Schweitzer to answer oral interrogatories propounded on deposition. Schweitzer is an attorney at law, and became president of First American Life Insurance Company shortly after the filing of this suit.[1]

The point at issue on the motions is whether communications, prior to filing of this suit, between Schweitzer or other attorneys for First American Life Insurance Company and First American Life Insurance Company are privileged as to the complaining stockholders of First American, which stockholders are charging the corporation and its officers with wrongful acts injurious to their interests as stockholders. The Court has heard oral argument on the issue and has reviewed the memorandum briefs filed.

Research of counsel has produced only two cases in which the issue has been directly decided. Both of these are English cases. Gouraud v. Edison Gower Bell Telephone Company of Europe Limited, 57 L.T.Ch. 498, 59 L.T. 813; and W. Dennis and Sons, Ltd. v. West Norfold Farmers' Manure and Chemical Company, Ltd., 2 All E.R. 94, 112 L.J.Ch. 239, 169 L.T. 74, 59 TLR 298, 87 Sol.Jo. 211. The first case was decided in 1888, and the latter in 1943. In each of these cases the courts held that the privilege did not exist.

Section 3 of Title 1 of the Alabama Code provides as follows:

"The common law of England, so far as it is not inconsistent with the Constitution, laws and institutions of this state, shall, together with such institutions and laws, be the rule of decisions, and shall continue in force, except as from time to time it may be altered or repealed by the legislature."

The Court is of the opinion that the privilege here claimed is not available as against plaintiff stockholders.

Accordingly, the motions will be and each of the same is hereby granted.

So ordered.

---

1. It was revealed in oral argument that he has recently resigned.