**A. L. GARNER et al., Plaintiffs,**

**v.**

**Rick WOLFINBARGER et al.,
Defendants.**

**Civ. A. No. 6366–70.**

United States District Court,
S. D. Alabama, S. D.

Aug. 16, 1972.

**500**

J. Vernon Patrick, Jr. and Michael L. Edwards, Marvin Cherner, Birmingham, Ala., for plaintiffs.

Ronald P. Slepian and Charles J. Fleming, Mobile, Ala., for defendants George Mitchell, Daniel P. Matthews, Charles A. Scheuerman and Bruce W. Skinner.

Bert S. Nettles, Mobile, Ala., for defendant William R. Marshall.

William D. Page, Huntsville, Ala., for defendant John E. Jennings.

Robert S. Vance, Birmingham, Ala., for defendant First American Life Ins. Co.

Charles H. Erwin, Mobile, Ala., for defendants Rick Wolfinbarger, Oscar B. Liddell and Ollie Howell.

Erle Pettus, Jr., Birmingham, Ala., for defendants W. Stacy Branum and J. Fred Doyle.

W. Guy Hardwick, Dothan, Ala., Thomas G. Greaves, Jr. and Paul W. Brock and W. Ramsey McKinney, Mobile, Ala., for defendant Dr. Paul Flowers.

Karl B. Friedman and William G. West, Jr., Birmingham, Ala., for defendants Oscar Hyde and Billie Sue Hulsey.

C. A. L. Johnstone, Jr. and William H. Hardie, Jr., Mobile, Ala., for defendant Leon V. McVay, Jr.

Richmond M. Flowers, in pro. per.

Frederick G. Helmsing, Mobile, Ala., for defendant First American Life Ins. Co.

Benjamin H. Kilborn, Mobile, Ala., for defendants Life Shares, Inc. and Matthew S. Metcalfe.

Herman H. Hamilton, Jr. and Champ Lyons, Jr., Montgomery, Ala., for defendants Guy H. Aderholt, C. T. Fitzpatrick, Sr., A. J. Brown, Gayle S. Fly, Roy J. Reed, Jr., Dr. Francis E. Nicholas, John N. Prim and The First National Bank of Montgomery as Executor of the Estate of William W. Birchfield, deceased.

L. Murray Alley, Leigh M. Clark and Fournier J. Gale, III, Birmingham, Ala., J. Montjoy Trimble, Lexington, Ky., for defendant Garvice D. Kincaid.

George D. Maxey, Laurel, Miss., for defendant James C. Kelly.

Dr. David C. Mussleman, pro se.

Carey P. Buffington, pro se.

OPINION AND ORDER OVER-RULING DEFENDANT FIRST AMERICAN LIFE INSURANCE COMPANY'S CLAIM OF THE ATTORNEY-CLIENT PRIVILEGE

PITTMAN, Chief Judge.

This matter is now before the Court on an important and interesting question: under what circumstances may a corporation assert the attorney-client privilege against its own stockholders?

That question arises on motion of plaintiff shareholders in a class and derivative action filed by stockholders of First American Life Insurance Company (herein "FAL"). The complaint, as amended, alleges violations of SEC Rule 10b-5, the Securities Exchange Act of 1934, the Securities Act of 1933, state laws prohibiting fraud and deceit, and the Alabama Securities Act, and seeks an award of money damages, or rescission, for the benefit of plaintiffs and similarly situated purchasers of FAL securities. The complaint also seeks damages and indemnity for the benefit of FAL, based on plaintiffs' allegations that the defendant officers and directors of FAL, aided and abetted by other defendants, defrauded FAL, wasted its assets, and caused it to violate these laws in connection with its offering and sale of FAL securities.

While this case was pending in the District Court for the Northern District of Alabama, before its transfer to this District, plaintiffs (stockholders of FAL) sought a court order overruling FAL'S claim of the attorney-client privilege with respect to oral and written communications, prior to the filing of this action, between FAL and its attorneys with respect to FAL'S offering and sale of its securities. Plaintiffs' motion was based on the refusal of FAL'S counsel to permit the witness R. R. Schweitzer [1] to answer questions asked him on oral deposition, and FAL'S objection to the production by FAL of certain documents, on the ground that plaintiffs' questions and their requests for documents would require the disclosure of confidential communications between Schweitzer and FAL while Schweitzer was acting as FAL'S attorney.

Judge H. H. Grooms of the United States District Court for the Northern District of Alabama held, in a decision reported at 280 F.Supp. 1018 (N.D.Ala. 1968), that the corporation could not assert an attorney-client privilege against its own stockholders in an action of this type, charging the corporation, its officers and directors of wrongdoing. *Accord,* Gouraud v. Edison Gower Bell Telephone Co., 57 L.T.Ch. 498, 59 L.T. 813 (1888); W. Dennis and Sons, Ltd. v. West Norfolk Farmers' Manure and Chemical Co., Ltd., 2 All E.R. 94, 112 L.J.Ch. 239, 169 L.T. 74, 59 T.L.R. 298, 87 Sol.Jo. 211 (1943); Pattie Lea, Inc. v. District Court of City & County of Denver, 161 Colo. 493, 423 P.2d 27 (1967) (en banc). Judge Grooms ordered the witness Schweitzer to answer plaintiffs' questions, and ordered FAL and Schweitzer to produce the documents requested by plaintiffs.[2]

---

1. Schweitzer was, at the time of his deposition, president of FAL. He and his law firm, prior to the filing of this action, had acted as attorneys for FAL. His name, and his law firm's name, appeared in two prospectuses by which FAL'S securities were offered and sold to plaintiffs. The two prospectuses represented to persons offered the stock that Schweitzer's law firm had passed on the "legality" of the issue of the stock by FAL, as well as "certain other legal matters."

Under those circumstances, Professor Bittker has posed the question: "Query: Who is the 'client' when a professional opinion is rendered in a . . . public offering of stock?" 23 Tax L.Rev. 429 at 430, fn. 1 (1968).

2. Judge Grooms' decision has been followed by District Courts in several other circuits. See, e. g., Fischer v. Wolfinbarger, 45 F.R.D. 510 (W.D.Ky.1968); Hogan v. Teledyne, Inc., 328 F.Supp. 1043 (1970 order of Chief Judge Robson, N.D.Ill.).

On interlocutory appeal, taken by FAL pursuant to 28 U.S.C. § 1292(b), the United States Court of Appeals for the Fifth Circuit, in a decision reported at 430 F.2d 1093 (5th Cir. 1970) [3] held as follows:

(1) The corporation (FAL) had no absolute right to invoke the attorney-client privilege against its own stockholders, (2) the shareholders had no absolute right to disclosure of communications between the corporation and its shareholders, and (3) the District Court had erred in not holding an evidentiary hearing on the claim of privilege, at which the plaintiff shareholders might show good cause why the corporation should not be permitted to assert the privilege in the particular instance. The Court of Appeals held that in stockholder litigation, where the corporation seeks to assert the attorney-client privilege against its own stockholders, the District Court may properly consider a number of factors, including the apparent necessity or desirability of the shareholders having the information; the availability of the information sought from other sources; whether the allegedly wrongful conduct by the company was criminal, illegal but not criminal, or of doubtful illegality; whether the communications related to past or prospective actions; the number of shareholders seeking discovery and the percentage of stock they represent; and whether disclosure of the communications would involve a risk of revealing trade secrets or other information in whose confidentiality the corporation has a legitimate interest. The district court's decision was vacated for further proceedings not inconsistent with the opinion of the Court of Appeals.

This matter then came on before this Court for an evidentiary hearing on December 9, 1971. FAL has adhered to its objection.[4]

Evidence was adduced at the December 9 hearing, by pretrial depositions herein and exhibits thereto. That evidence has been carefully considered in the light of the guidelines laid down in the decision of the Court of Appeals.

The following facts have been established, for purposes of this ruling: [5]

(1) The former president of FAL testified on oral deposition that he had been present at the negotiation of an agreement between Rick Wolfinbarger with Oscar Hyde and James C. Kelly, providing for the payment of various considerations in order to secure the registration of FAL securities, registration of stock salesman, and approval of an offering of FAL securities by Richmond Flowers, the State Securities Commissioner. The considerations included payment of a $10,000 fee to defendant Billie Sue Hulsey, payments of $1,000 per month for 48 months to James C. Kelly; a loan of $50,000 secured by mortgage on a house in Miami Beach, Florida; the granting to Oscar Hyde of an option to purchase FAL stock at $3.10 a share; and an agreement to resell 10,000 shares for Oscar Hyde at

3. *Certiorari* was denied by the United States Supreme Court. 401 U.S. 974, 91 S.Ct. 1191, 28 L.Ed.2d 323 (1971). The District Court and Court of Appeals decisions are discussed in a number of law review articles. See, e. g., 49 N.C.L. Rev. 802 (1971); 45 Tul.L.Rev. 1063 (1971); 12 W. & M.L.Rev. 925 (1972); 12 B.C.Ind. & Com.L.Rev. 1200 (1971); 25 U. of Miami L.Rev. 188 (1970); 29 Ohio St.L.J. 1046 (1968); 69 Colum.L. Rev. 309 (1969).

4. On March 15, 1968, Robert S. Edington was appointed Judicial Agent for FAL by the Circuit Court of Mobile County, Alabama. Mr. Edington has adhered to the objection raised by FAL'S attorney prior to his appointment.

5. Trial by jury has been demanded in this action. The matter has been submitted on written transcripts and exhibits thereto, rather than upon oral testimony. Nothing in this opinion is to be construed as a final finding of fact by the Court with respect to the ultimate issues of liability, all of which will in due course be submitted to the jury.

$10.00 a share. When the witness Schweitzer was asked whether he had any knowledge of the granting of an option prior to the filing of FAL'S prospectus with the State Securities Commissioner, counsel for FAL asserted the attorney-client privilege and the witness did not answer.

(2) FAL engaged in a public offering of its stock without registering its stock with the Securities and Exchange Commission. Plaintiffs claim that the offering was in violation of the registration requirements of the Securities Act of 1933. Two prospectuses were filed with the Alabama Securities Commissioner by FAL. Each of the two prospectuses used in connection with FAL'S public offering recited that a law firm, in which the witness R. R. Schweitzer was then a partner, had passed on the "legality" of the issue of common stock by FAL "as well as certain other legal matters." The witness R. R. Schweitzer testified that in 1966 he received a letter from the staff of the SEC refusing his request for a "no-action" letter (i. e., a letter from the SEC staff that it would not recommend prosecution in the event the securities were publicly offered without SEC registration). Schweitzer testified on deposition that he then advised FAL it should not proceed with the intrastate offering but refused, asserting the attorney-client privilege on behalf of FAL, to answer any questions with respect to whether he or his firm had objected to the continued use of his name and that of his firm in prospectuses by which FAL offered its stock to the public.

(3) W. Stacy Branum, former president of FAL, testified that salesmen employed by FAL continued to offer and sell options to purchase common stock of FAL, after the SEC staff requested assurances from Schweitzer and FAL that the public offering of unregistered FAL securities be discontinued. The witness R. R. Schweitzer testified on deposition that he had by letter advised the SEC on September 30, 1966, and again on October 8, 1966, that FAL had suspended all sales of securities. Branum testified that the offering and sale of options to purchase stock of FAL continued after those dates. Schweitzer on deposition stated that he had written FAL a letter expressing his opinion as to the circumstances under which transfer of the options could be made, but refused to produce the letter, asserting on behalf of FAL a claim of the attorney-client privilege.

(4) R. R. Schweitzer was the attorney for FAL and participated in preparing or reviewing the stock prospectuses filed by FAL with the Securities Commissioner of Alabama and used by FAL in connection with its offer and sale of its stock to the public. Schweitzer testified that he and his firm never filed with the Alabama Securities Commissioner a written consent to the use of his and his firm's name in the prospectus. When asked whether he or his firm had ever objected to the use of his name and his firm's name in the prospectuses, Schweitzer declined to answer on the ground of the attorney-client privilege.

(5) R. R. Schweitzer testified that he had participated in preparation or revision of the FAL prospectuses filed with the Securities Commissioner of Alabama and used by FAL in connection with the offer and sale of its stock to the public. When asked his opinion whether one of the prospectuses was misleading with respect to the financial affairs of FAL as of March 1966, Schweitzer nevertheless declined to answer on the ground of the attorney-client privilege.

(6) William Stacy Branum, the former president of FAL, testified on deposition herein that the affairs of FAL were not operated for the best interests of it but for the best interests of its parent, IITC. When IITC needed money, he testified, Rick Wolfinbarger or Hiram Snowden issued checks against FAL'S bank accounts and withdrew FAL'S funds. IITC obtained the pro-

ceeds of loans for which there were pledged, as security, assets of FAL needed for the operation of its own business. As a result of these transactions, the Insurance Commissioner of Alabama in late 1966 found that the FAL'S capital position was impaired, and the Insurance Commissioner required FAL to stop selling insurance.

(7) A number of pretrial depositions have been taken by the plaintiffs, as permitted by the Federal Rules of Civil Procedure. Plaintiffs' efforts to discover evidence, prior to trial, substantiating the allegations of their complaints herein have been hampered by the fact that a number of important witnesses, including defendants Kelly, Hulsey and Wolfinbarger have refused to answer questions on deposition, asserting their Fifth Amendment privilege against self-incrimination.

(8) No "trade secrets" are involved here.

(9) No improper purpose has been shown on the part of the stockholder plaintiffs in seeking disclosure of communications between this corporation and its attorneys. No improper purpose should be presumed.

The Fifth Circuit said in Garner v. Wolfinbarger, supra:

> "But where the corporation is in suit against its stockholders on charges of acting inimically to stockholder interests, protection of those interests as well as those of the corporation and of the public require that the availability of the privilege be subject to the right of the stockholders to show cause why it should not be invoked in the particular instance."

This Court is of the opinion, on consideration of all the evidence presented at the December 9, 1971 hearing, that First American Life Insurance Company should not be permitted to claim the attorney-client privilege against its own shareholders in this litigation, that FAL has not shown good cause for a protective order protecting it from disclosure of communications between it and its attorneys, as appears to be required by Rule 26(c), F.R.Civ.P., and that the shareholder plaintiffs have established good cause for disclosure of such communications. It is this Court's opinion that the facts set out in any one of paragraphs 1 through 7, considered alone, would constitute a sufficient basis for granting plaintiffs' motion to require production by FAL and R. R. Schweitzer of the documents requested by plaintiffs and to require answer to plaintiffs' questions.

Under the facts of this case, the corporation should not be permitted to shield its officers and directors (or attorneys) by the claim of privilege, to the detriment of the corporation's stockholders. The stockholders are entitled to discover whatever communications passed between the corporation's management and its attorneys. Facts disclosed by such communications may materially assist the jury in reaching a just result in the trial of this action. No officer, controlling stockholder, attorney or creditor of the corporation is entitled to conceal from the plaintiff stockholders whatever the facts may be.

> "A corporate entity acts only for its stockholders, and they are entitled to see written communications and to inquire concerning oral communications between their corporation and its attorneys."

Fischer v. Wolfinbarger, 45 F.R.D. 510 (D.C., 1968).

It is, therefore, ordered, adjudged and decreed that FAL'S claim of the attorney-client privilege is hereby overruled and that the plaintiffs' motion to require the witness R. R. Schweitzer to answer oral interrogatories on deposition and to require FAL and Schweitzer to produce documents in accordance with plaintiffs' subpoena is hereby granted.