In re Rodney D. HENDRICK (S.S. # 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), Debtor.

Donald P. STARNS, Trustee, Plaintiff,

v.

Rodney D. HENDRICK, Judith Polk Hendrick, Defendants.

Bankruptcy No. 83-00787.
Adversary No. 84-0081.

United States Bankruptcy Court,
M.D. Louisiana.

Sept. 10, 1985.

David S. Rubin, Baton Rouge, La., for plaintiff.

William E. Steffes, Baton Rouge, La., for Rodney D. Hendrick.

Samara Abide, Baton Rouge, La., for Judith Polk Hendrick.

John Dale Powers, Baton Rouge, La., for Herbert Polk and for Polk Chevrolet, Inc.

WESLEY W. STEEN, Bankruptcy Judge.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDATIONS TO THE DISTRICT COURT

This adversary proceeding is an effort by the trustee to value certain assets of the estate. In connection therewith, the trustee has sought discovery of records of Polk Chevrolet, Inc., including particularly the records of its accountants relating to losses and the tax treatment of those losses applicable to Stinger Boats, Inc. and a company known as "Stingray." Polk Chevrolet, Inc. has refused to comply with a subpoena *duces tecum* with regard to some of those documents. Specifically, the accountant for Polk Chevrolet, Inc., Mr. Lawrence Berdon, had refused to produce "any documents reflecting tax opinion(s) or tax research regarding (i) Stinger [Boat Company] or (ii) expenses of Polk Chevrolet [Inc.]." A hearing was held on August 28, 1985, concerning the trustee's motion for an order compelling discovery. No answer or opposition was filed to the trustee's motion.

At the hearing, there was no appearance by the accountant who was the subject of the subpoena *duces tecum*. However, Samara Abide appeared for Judith Polk Hendrick and John Dale Powers appeared for H.L. Polk and Polk Chevrolet, Inc. Through counsel, Polk Chevrolet, Inc. objected to the disclosure on the grounds that the information sought by discovery was subject to an attorney-client privilege. Mr. David Rubin, counsel for the trustee, asserted that this was the first time that he had become aware of any defense to any discovery based on the attorney-client privilege. The Court discussed the legal issues with counsel at the hearing and took the issue under advisement. The Court directed that the documents in question be submitted to the Court for an *in camera* inspection and allowed counsel until September 4, 1985, to file memoranda of authorities. Ms. Abide has filed a memorandum; none of the other counsel have.[1]

The Court has received the documents in question and has examined them *in camera* prior to the withdrawal of the adversary proceeding from the undersigned Bankruptcy Judge.[2]

Without breaching the confidence involved in the *in camera* inspection, the Court can report that the documents submitted consist of two types of information:[3] (i) a letter from W. John Glancy, a Texas attorney, to Lawrence D. Berdon, accountant, transmitting a memorandum of law analyzing various tax consequences and planning relating to Polk Chevrolet, Inc., Stingray, and Stinger Boats; (ii) a set of notes and tax research apparently performed by Lawrence Berdon.

■ To deal with the easy question first, there can be no doubt that the second

---

1. Although Ms. Abide appeared at the hearing with the statement that she represented Judith Polk Hendrick, the memorandum that she filed was filed on behalf of Polk Chevrolet, Inc. This has been a continuing source of frustration to the Court in this case. The interest of Polk Chevrolet, Inc., Herbert Polk, and Judith Polk Hendrick are obviously very closely related. Counsel, however, have taken very little pains to identify their clients. In one early proceeding, there was an allegation of failure to receive notice and a counter-allegation that notice was sent to one of co-counsel, with a subsequent counter-allegation that the Powers law firm and the Anderson law firm were not acting as co-counsel but were representing separate clients. As evidenced by the current hearing, however, counsel have interchanged their relationships several times during the course of the case.

2. On motion of the trustee and the Debtor, the adversary proceeding was withdrawn on September 4, 1985. The Bankruptcy Court received notice on September 5. The Court examined the documents *in camera* to determine, first, whether there was attorney-client privileged material and, second, to determine whether the identity of the client could be ascertained from the documentation. This second issue was quite important since no evidence was introduced at the hearing to identify the client specifically, although Polk Chevrolet, Inc. raised the objection to discovery based on the attorney-client privilege.

3. No disclosure is involved by these statements since this information was discussed by counsel at the hearing.

group of materials is not subject to an attorney-client privilege. First, it is not communication between an attorney and client; it is notes of an accountant. In previous hearings in this case, it has been clearly established that Mr. Lawrence Berdon is an accountant who works for Herbert L. Polk and Polk Chevrolet, Inc. It is elementary that an attorney-client privilege does not apply to communications between an accountant and his client.

The first set of materials involves a more difficult question. The enclosure is clearly a memorandum prepared by an attorney. The memorandum is written "to the file." Therefore, the memorandum would seem to be an internal attorney's internal file product. Attached to the memorandum is a letter dated April 25, 1983, that transmits the "file memorandum" to Mr. Berdon.

■ At the hearing the Court questioned whether the disclosure of this information to the accountant would be considered a waiver of the privilege. Ms. Abide ably argues that it is not. The cases that she cites, and cases independently discovered by the Court in its research, do not definitely establish a rule; most of those cases involve disclosure of information in the presence of an accountant or the disclosure of information to an accountant working for an attorney. Nevertheless, the cover letter from Mr. Glancy clearly indicates that the transmission of the file memorandum was intended to be confidential and to be part of the client legal representation effort. All this may not fit within the precise facts of the authority cited and reviewed. It certainly fits within the spirit of the rulings that disclosure under such circumstances does not constitute a waiver of the attorney-client privilege.

■ There are several reasons, however, why the attorney-client privilege should not apply in this case. First, the attorney-client privilege must be asserted by the client. In this case it is not possible to tell who the client is. The letter in the package of documents inspected *in camera* certainly does not identify the client; it merely states that Mr. Polk asked Mr. Glancy to send the documents to Mr. Berdon. At most, one would conclude from this that the client is Mr. Polk. The privilege, however, has been asserted by Polk Chevrolet, Inc. A careful reading of the memorandum would also lead one to believe that Polk Chevrolet was the client. Since there has been no proper identification of the client, however, the privilege has not been properly claimed.

■ Second, even if the privilege had been properly claimed, there is an exception to the privilege that applies when there are multiple clients. The law will not allow "an attorney to protect the interests of one client by refusing to disclose information received from him/her if that refusal would be to the detriment of another client or former client." Larkin, *Federal Testimonial Privileges*, § 2.07[3]. *See also Valente v. Pepsico, Inc.*, 68 FRD 361 (D.Del., 1975). From prior hearings it has been established in this case that the trustee, as successor in interest to Rodney and Judy Hendrick, is a stockholder of Stingray, Stinger Boats, and Polk Chevrolet, Inc. From all of the prior hearings and the arguments of counsel at the hearing in this case, the Court concludes this fact that there was no specific identification of the client for whom Mr. Glancy was working; the Court further concludes that Mr. Glancy was working in general for the stockholders of the three corporations as well as for the corporations themselves. The Court is aware that it is not unusual for a single tax attorney to represent closely held corporations as well as their stockholders in performing tax research and in offering tax analyses. Based on the evidence available, and in the absence of any evidence to the contrary, this Court concludes that such was the case with respect to the attorney-client relationship involved here. Therefore, the attorney-client privilege cannot be claimed by one client of the several who submitted facts to an attorney for their common representation.

■ Finally, there is a third reason why the privilege does not apply in this case.

The doctrine of *Garner v. Wolfinbarger* [4] holds that attorney-client privilege takes on a special character when the privilege is asserted by a corporation or its directors or officers who owe a fiduciary duty to the stockholders; in such case, the attorney-client privilege can be abrogated for substantial cause. [5] The factors listed for substantial cause mostly are applicable, and the applicable criteria call for abrogation of the privilege in this case. The factors are:

"the number of shareholders and the percentage of stock they represent; the *bona fides* of the shareholders; the nature of the shareholders' claim and whether it is obviously colorable; the apparent necessity or desirability of the shareholders having the information and the availability of it from other sources; whether, if the shareholders' claim is of wrongful action by the corporation, it is of action criminal, or illegal but not criminal, or of doubtful legality; whether the communication related to past or to prospective actions; whether the communication is of advice concerning the litigation itself; the extent to which the communication is identified versus the extent to which the shareholders are blindly fishing; the risk of revelation of trade secrets or other information in whose confidentiality the corporation has an interest for independent reasons." [6]

For all three reasons expressed above, the Court concludes that the attorney-client privilege does not apply in this case and that the documents received by the Court for *in camera* inspection should be released to the trustee.

### Summary and Conclusion

Although the case has been withdrawn by the District Court, the undersigned Bankruptcy Judge thought that the District Court might like to have this background, these conclusions, and these recommendations to consider in entering an order in the withdrawn case. The recommendation is that the cause advanced by Polk Chevrolet, Inc. for failure to comply with the subpeona *duces tecum* be determined to be insufficient and that the sealed material transmitted with this file to the District Court be released to the trustee.

---

**4.** 430 F.2d 1093 (5th Cir., 1970) *cert. den.* 401 U.S. 974, 91 S.Ct. 1191, 28 L.Ed.2d 323, *on remand*, 56 F.R.D. 499 (S.D.Ala., 1971).

**5.** *Garner* involved a stockholder's derivative suit and thus can be distinguished from the case at bar. The basis of the decision, however, appears firmly grounded in the principal of waiver of the privilege for cause when the adversary is one to whom a special duty is owed in the context in which the privileged communication was made.

**6.** *Garner v. Wolfinbarger,* 430 F.2d 1093, 1103 (5th Cir., 1970).